CV 13- 4527

SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ORLANDO RIVERA,

                                Plaintiff,

      -against-

BRODIE, J.

THE CITY OF NEW YORK; PETER RUBIN,
Individually and in His Official Capacity; and
JOHN/JANE DOES, Nos. 1-10, Individually and
in Their Official Capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

ORENSTEIN, M.J.

**COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

                                Defendants.
-----------------------------------------------------------x

       Plaintiff ORLANDO RIVERA, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.     Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

5. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Orlando Rivera is a resident of Kings County in the State of New York.

7. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

8. Defendant PETER RUBIN (Shield No. 5057) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Rubin was a police officer assigned to the 83rd Precinct. Defendant Rubin is being sued in his individual and official capacities.

9. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

10. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

11. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

12. On Tuesday, June 19, 2012, at about 2:10 p.m., plaintiff was lawfully walking on the sidewalk in front of the apartment building in which he resided at 140 Menahan Street in the County of Kings, City and State of New York.

13. Without probable cause or reasonable suspicion to believe that plaintiff had committed any crime, or even a common-law right to make inquiry, police officers, including defendant Rubin, approached plaintiff, grabbed him, threw plaintiff to the ground, and banged his head into the sidewalk.

14. As plaintiff lay face-down on the sidewalk, an officer put a foot on plaintiff's back and then knelt on his back. An officer also kicked plaintiff in the ribs.

15. At no time did plaintiff offer any physical resistance. The officers used more force than was reasonably necessary to take plaintiff into custody.

16. Plaintiff was handcuffed. The handcuffs were excessively tight. Plaintiff pleaded with the officers to loosen the handcuffs but they ignored his pleas.

17. Plaintiff was taken to the 83rd Precinct, where he was made to remove all of his clothes, squat and cough, and open his mouth for inspection. No contraband was found in plaintiff's possession.

18. Plaintiff next was taken to Woodhull Medical Center where he was made to give a urine sample. Tests on plaintiff's urine were negative for amphetamines, cocaine, and marijuana.

19. X-rays were taken of plaintiff's stomach. No bags of drugs appeared on the X-rays.

20. While at Woodhull Medical Center, plaintiff was diagnosed as having suffered a concussion.

21. In connection with plaintiff's arrest, officers prepared a false and misleading police report which they forwarded to the Kings County District Attorney's Office ("District Attorney"). As a result, the District Attorney decided to prosecute plaintiff.

22. On Wednesday, June 20, 2012, plaintiff was arraigned in Kings County Criminal Court and charged with Attempted Tampering With Physical Evidence and Resisting Arrest. In a sworn complaint, defendant Rubin falsely alleged that he observed plaintiff swallowing a glassine envelope apparently containing heroin and that when an officer attempted to make an arrest, plaintiff flailed his arms and refused to place his hands behind his back. Plaintiff pleaded not guilty and was released on his own recognizance, after approximately 24 hours in custody.

23. Between August 9, 2012 and March 20, 2013, plaintiff made eight more court appearances to defend himself against the false criminal charges.

24. On March 20, 2013, at plaintiff's ninth court appearance, the criminal case against plaintiff was adjourned in contemplation of dismissal to September 19, 2013.

25. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, deprivation of his liberty, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

26. Plaintiff repeats and realleges paragraphs "1" through "25" with the same force and effect as if they were fully set forth herein.

27. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to

4

believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under 42 U.S.C. § 1983)

28. Plaintiff repeats and realleges paragraphs "1" through "27" with the same force and effect as if they were fully set forth herein.

29. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

30. Plaintiff repeats and realleges paragraphs "1" through "29" with the same force and effect as if they were fully set forth herein.

31. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

32. Plaintiff repeats and realleges paragraphs "1" through "31" with the same force and effect as if they were fully set forth herein.

33. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's rights to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

34. Plaintiff repeats and realleges paragraphs "1" through "33" with the same force and effect as if they were fully set forth herein.

35. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

36. The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause, subjecting individuals to excessive force, and committing perjury.

37. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in recent civil rights actions filed against the City:

(1) **Angel Bonilla v. City of New York**, United States District Court, Eastern District of New York, 12 CV 3368;

(2) **Ciara Caraballo v. City of New York**, United States District Court, Southern District of New York, 11 CV 8917;

(3) **Michael Hemphill v. City of New York**, United States District Court, Southern District of New York, 11 CV 2160;

(4) **Shelly Levy v. City of New York**, United States District Court, Southern District of New York, 11 CV 0227;

(5) **Casimiro Medina v. City of New York**, United States District Court, Eastern District of New York, 10 CV 3158; and

(6) **Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604.

38. The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

39. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

40. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

41. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
August 12, 2013

Respectfully submitted,

*Robert T. Perry*
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*